

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 1, 2019**

*/s/ Harlin DeWayne Hale*
**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| BRAIN SYNERGY INSTITUTE, LLC d/b/a | § | |
| CEREBRUM HEALTH CENTERS, | § | CASE NO. 18-31240-HDH-7 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| DANIEL J. SHERMAN, | § | |
| CHAPTER 7 TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 18-03077-HDH |
| | § | |
| JOSHUA L. FLOWERS, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Adversary Proceeding came on for trial on March 12, 2019. After hearing the evidence presented and the arguments of counsel, the Court finds that Plaintiff is entitled to judgment based upon these Findings of Fact and Conclusions of Law.

**A.    Jurisdiction and Venue**

1. The Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1334(b). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K). The parties also formally consented to this Court's entry of final orders in this matter.

2. Venue of this action is proper in this Court pursuant to 28 U.S.C. §1409.

**B.    Parties**

3. Plaintiff Daniel J. "Corky" Sherman, Chapter 7 Trustee, is the duly appointed Chapter 7 Trustee in the case of *In Re: Brain Synergy Institute, LLC, d/b/a Cerebrum Health Centers*, in the United States Bankruptcy Court, Northern District of Texas, Dallas Division; Case No. 18-31240-hdh-7.

4. Defendant is Joshua L. Flowers an individual who initially loaned monies to the Debtor which were later converted to membership interests denominated as shares of the Debtor and who now asserts a secured proof of claim, claim number 15-1 (the "Claim") against the Debtor's estate arising out of that purchase of shares.

**C.    Operative Facts**

5. The Debtor filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Texas under Chapter 7 of the Bankruptcy Code on April 4, 2018 (the "*Chapter 7 Case*"). The Trustee was appointed that same day.

6. The Trustee sues Flowers to subordinate Flowers' Claim to equity priority under 11 U.S.C. §510(b).

7. Flowers loaned $1,500,000 to the Debtor under the terms of a Secured Convertible Note and Security Agreement dated May 1, 2015 (the "*Original Note*") [Trial Ex. B]. In connection with the Original Note, Flowers and the Debtor executed a Secured Convertible Notes

Subscription Agreement and Power of Attorney dated May 1, 2015 (the "*Subscription Agreement*"), [Trial Ex. A].

8. Pursuant to the Subscription Agreement, "[Flowers] acknowledge[d] that if the [Debtor] issue[d] any of its Class A Shares in the Company's current offering of 20.5 Million Class Shares then all of the unpaid principal of the [Original] Note plus accrued interest will automatically be converted at the closing of the Class A Shares Offering into Class A Shares at a conversion price equal to $.26 per Class A Share." *See* Subscription Agreement Trial Ex. A, par. 5.

9. Similarly, the Original Note provides that "[i]f the [Debtor] issues any of its Class A Shares…in the [Debtor's] concurrent offering of 20,500,000 Class A Shares…all of the unpaid principal of this Note plus accrued interest on this Note shall automatically and without any further action on the part of the Holder or the [Debtor] be converted at the closing of the Class A Shares Offering into Class A shares at a conversion price equal to $.26 per Class A Share." *See* Original Note Trial Ex. B, par. 4(a).

10. The Debtor closed its Class A Shares Offering on July 31, 2015. Accordingly, as of that date, the Original Note was converted into 5,855,534 Class A Shares in the Debtor and the Original Note was deemed canceled. [Stipulated Facts]

11. In addition to being an investor in the Debtor, Flowers was also an employee of the Debtor pursuant to an Employment Agreement dated May 18, 2015. The Debtor terminated Flowers' employment effective as of November 2, 2015. [Stipulated Facts]

12. Following his termination, on December 15, 2015, Flowers filed suit against the Debtor in connection with the transaction under the Original Note and Subscription Agreement in a case styled *Joshua L. Flowers v. Brain Synergy Institute, LLC and Kenneth C. Beam*, Cause

No. DC-15-15071 in the 193rd Judicial District Court, Dallas County, Texas (the "*Lawsuit*") in which Flowers asserted various claims, including: (a) breach of contract and claim for promissory note; (b) common law fraud and fraud in the inducement; (c) negligent misrepresentation; (d) breach of Texas securities law (in the alternative) ; and (e) violations of the Texas DTPA [Trial Ex. I]. The Debtor answered the Lawsuit and denied Flowers' claims in their entirety.

13. Flowers and the Debtor settled the Lawsuit pursuant to a Compromise Settlement Agreement and Mutual Release dated October 5, 2016 (the "*Settlement Agreement*"), [Trial Ex. D]. Pursuant to the Settlement Agreement, the Debtor agreed to repurchase and Flowers agreed to sell the Class A Shares that had been issued to Flowers for a purchase price of $1,500,000.

14. The Debtor financed the purchase price through a Note and Security Agreement on October 5, 2016 (the "*Repurchase Note*") made payable to Flowers [Trial Ex. F]. The Repurchase Note states that it "evidences indebtedness incurred by the [Debtor] in connection with the [Debtor's] repurchase of those certain 5,855,534 Class A Shares of the [Debtor] from Holder…." *See* Repurchase Note Trial Ex. F, preamble, p.1.

**D.    SUBORDINATION UNDER §510(b)**

15. While there is case law supporting Flowers, the Court believes that *In re Sea Quest Diving, LP*, 579 F.3d 411 (5th Cir. 2009) controls and leads to a judgment for the Trustee. There is a causal nexus between Flowers' claims in connection with the original securities transaction and the Claim in this case.

16. While the Debtor did purchase Flowers' Class A Shares with the Repurchase Note, there are several facts that indicate that the Repurchase Note was in substance more akin to a judgment in a rescission lawsuit rather than a true redemption as contended by Flowers.

17. Most significantly, the Repurchase Note was only exchanged for the Class A Shares in the context of settlement of the Lawsuit for, among other things, fraud and breach of the Texas securities laws. Just as a court must look behind a judgment the Court must also look behind settlement of a lawsuit.

18. In addition, the Repurchase Note was in the same amount as the Debtor's Original Note, which was converted into Class A Shares. The capital contribution was not returned at the time of the settlement but the Repurchase Note was secured, indicating an intent to jump ahead of unsecured creditors to the maximum extent possible.

19. The Court is not bound by the language that the parties used to document the resolution of the Lawsuit against the Debtor for fraud and violation of securities laws.

20. Based on the totality of the circumstances, the Court finds that the Claim is a claim arising from rescission of a purchase or a sale of a security of the Debtor. Accordingly, for purposes of distribution in this case, the Claim is subordinated to all claims or interests that are senior to or equal Debtor's Class A Shares.

21. Judgment shall be entered in accordance with these Findings and Conclusions.

22. Any finding of fact may be deemed a conclusion of law and vice versa.

### ### End of Order ###